## WARREN et al. v. ROBERSON.

### No. 5303.

Court of Civil Appeals of Texas.
Texarkana.

April 20, 1939.

Troy Smith and Whit Owen, both of Tyler, for plaintiffs in error.

Jones & Talbert, of Tyler, for defendant in error.

JOHNSON, Chief Justice.

This suit was filed December 21, 1935, by Harper Roberson against Opal Roberson, a minor, and D. B. Warren as guardian of the estate of said minor, in an action of trespass to try title to eighty-one acres of land in Smith county, a part of a survey patented in the name of E. Daniel. Plaintiff specially pleaded the five and ten years statutes of limitation. Defendants' answers contained a plea of not guilty, a cross action in favor of Opal Roberson against plaintiff, Harper Roberson.

Trial to the court without a jury resulted in judgment for plaintiff. Defendants have appealed by writ of error.

Appellants challenge the trial court's holding that appellee, Harper Roberson, had acquired title to the land under the ten years statute of limitation (R.S. art. 5510), because, it is contended, Harper Roberson went into possession of the land as a tenant in common and that there was no evidence showing a repudiation of his cotenancy, or of notice to his cotenants of such repudiation, if any.

The trial court filed his findings of fact and conclusions of law. We shall state, the facts deemed material to an understanding and determination of appellants' proposition. Lewis Roberson and wife, Martha Roberson, had nine children, among whom were Harper Roberson (plaintiff in this suit) Porter Roberson, and Ben Roberson (father of the defendant, Opal Roberson). Lewis and Martha owned and lived on a tract of land located in the same community as the tract in controversy. Lewis bought at different times several other tracts of land, taking title in the name of himself and one or more of his children as grantees, and distributed such tracts among his children by delivering each tract to the one or more children named with him in the respective deeds. Whereupon each child went into possession of and claimed title to the respective tracts. The claims of the respective children to the particular tracts so delivered to and claimed by them were never questioned by Lewis Roberson or Martha Roberson or by any of the children. One tract of eighty acres was so delivered to Ben Roberson, father of the defendant, Opal Roberson. Ben Roberson took possession of that tract, lived on it and claimed it until his death. The particular tract here involved was conveyed by J. B. Chambers to Lewis Roberson, Harper Roberson, and Porter Roberson as grantees, November 2, 1900. It was then unimproved land. Harper Roberson went into exclusive possession in 1903, built a house, cleared a farm on it, and improved it generally. Later he paid the purchase price of the land. He married in 1907. Harper Roberson has held peaceable and adverse possession of the land, occupying, cultivating and using same, paying all taxes continuously from 1903 to the date of the filing of this suit in 1935, a period of more than thirty years. Porter Roberson died in 1908, a minor, without having married. Lewis Roberson died in 1912. Prior to his death, and in 1910, Lewis Roberson stated to his son-in-law, Gus

Johnson, that the eighty-one acres now in question was Harper Roberson's land. Ben Roberson died in 1928, leaving two children as his heirs, Opal Roberson, the defendant, and Bennie Roberson Gibson. Martha Roberson died in 1926. In 1929 the heirs of Lewis and Martha Roberson agreed upon a partition, and each recognized and undertook to clear the others' title to the separate tracts so occupied and claimed by each of the children respectively, by exchange of deeds. The title of Opal Roberson and Bennie Roberson Gibson to the tract occupied and claimed by their father, Ben Roberson, during his lifetime was thus confirmed, which tract they still own and now possess. This suit arose by reason of the fact that the partition and confirmation of title on the part of minor, Opal Roberson, was undertaken by his guardian through orders of the probate court and a guardian's deed, reciting such purpose. The probate orders and the guardian's deed being void for want of jurisdiction of the probate court, this suit was filed by Harper Roberson to clear his title of any claim that might be asserted by the minor, Opal Roberson.

The interest of the defendant, Opal Roberson, if any he has in the land involved, is by inheritance from his father, Ben Roberson who died in 1928 and whose claim, if any he had, came by inheritance from his brother Porter Roberson who died in 1908, and his father, Lewis Roberson, who died in 1912, and his mother, Martha Roberson, who died in 1926. The trial judge expressly found: "Ben Roberson during his lifetime resided on a tract of land adjoining the land involved in this suit during all the time since and prior to the death of Lewis Roberson, his father, which occurred in 1912; and had actual notice of the adverse claims and occupancy and possession of his brother Harper Roberson to the land involved, since, prior to 1912, and all times thereafter; which extended over more than 10 years during the life of Ben Roberson who died in 1928."; and that Martha Roberson who died in 1926: "Also had actual knowledge of the adverse claim and possession of Harper Roberson to the land involved during all the time since 1912 (death of Lewis Roberson) and prior thereto."

We think the facts and circumstances in evidence amply support the learned trial judge in his finding that since 1912 and prior thereto Ben Roberson and Martha

Roberson had actual notice of Harper Roberson's adverse claim to the land. From this it follows that the interest claimed by the defendant, Opal Roberson, was barred by the ten years statute of limitation, even long prior to his alleged inheritance thereof. "Repudiation of the claim of a co-tenant, and notice thereof, may be shown by circumstances." Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137, 1140, and authorities there cited.

The judgment is affirmed.